IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES DANIEL PRICE                                                      PLAINTIFF

v.                                        Civil No. 1:21-cv-01060

CAPTAIN RICHARD MITCHAM; KASEY
SANFORD; and SERGEANT WARD                                             DEFENDANTS

## REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickory, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court is a Motion to Dismiss based on Plaintiff's failure to keep the Court and Defendants informed of his address.  (ECF No. 12).

Plaintiff James Daniel Price filed this 42 U.S.C. § 1983 action *pro se* on November 19, 2021.  (ECF No. 1).  His application to proceed *in forma pauperis* ("IFP") was granted that same day.  (ECF No. 3).  This order informed Plaintiff of his obligation to keep the Court informed of his current address.

On February 8, 2022, Defendants filed the instant motion stating they have been unable to effect service of correspondence on Plaintiff. (ECF No. 12). In addition, Defendants submitted an affidavit representing to the Court that mail sent to Plaintiff's address of record was returned as undeliverable marked "Return to Sender – Reason: Released." (ECF No. 14).

The following day, the Court entered an order directing Plaintiff to file a response to the motion by March 2, 2022.  (ECF No. 15). The order informed Plaintiff if he did not timely comply his case would be subject to dismissal. Plaintiff did not respond, and the order was not returned to the Court as undeliverable. On March 3, 2022, the Court entered an order directing Plaintiff to show cause by March 17, 2022, as to why he failed to respond to the Court's order to respond to

1

Defendants' motion to dismiss. (ECF No. 16). Again, Plaintiff did not respond, and the show cause order has not been returned as undeliverable to the Court.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court and Defendants informed of his address and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, I recommend Defendant's Motion to Dismiss (ECF No. 12) be **GRANTED** and Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this 21st day of March 2022.

/s/ Barry A. Bryant

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE